MEMORANDUM **
Donald Dunlap (“Dunlap”) appeals the district court’s grant of summary judgment to the defendant-appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand.
The district court did not err in granting summary judgment to defendant-appellees regarding Officer Shaun Henry’s initial contact with Dunlap. Officer Henry conducted a lawful Terry stop. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer Henry observed Dunlap at 3:00 A.M., backed into a parking space in a dark, vacant lot. Dunlap had his headlights off and his engine running. These circumstances authorized Officer Henry’s initial contact with Dunlap. Id. at 22, 88 S.Ct. 1868 (“[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.”); see also Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (“in Terry, we held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.”). Moreover, Officer Henry’s request for identification also was reasonable. See, e.g., Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 186, 124 SUt. 2451, 159 L.Ed.2d 292 (2004) (holding “questions concerning a suspect’s identity are a routine and accepted part of many Terry stops”); United States v. Christian, 356 F.3d 1103, 1106 (9th Cir.2004) (“[D]e-termining a suspect’s identity is an important aspect of police authority under Terry.”).
The district court also did not err in granting summary judgment to defendant-appellees regarding Officer Henry’s investigative search of Dunlap’s car. Officer Henry conducted a lawful Terry search. Terry, 392 U.S. at 24, 27, 88 S.Ct. 1868. When Officer Henry saw the rifle in plain view on Dunlap’s passenger seat and when Dunlap refused to answer questions about whether he had any concealed weapons, *765 Officer Henry could have possessed a reasonable belief that Dunlap was both armed and dangerous. Id,.; see also Michigan v. Long, 463 U.S. 1032, 1047, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (noting “investigative detentions involving suspects in vehicles are especially fraught with danger to police officers”). Thus, Officer Henry was authorized to order Dunlap to exit his car and to conduct a Terry search. Cf. Long, 463 U.S. at 1048, 1050, 103 S.Ct. 3469 (upholding investigatory search considering, among other factors, that “[t]he hour was late,” “the area rural” and the officers saw a large knife in the suspect’s car).
The district court erred in granting summary judgment to defendant-appellees regarding Dunlap’s arrest because the district court incorrectly interpreted Anchorage Municipal Code § 8.25.020(A)(1). At the time of Dunlap’s arrest, the municipal code contained the following provision: “Nothing in this section shall be construed to prohibit an individual who may legally possess a firearm under state and federal law from (1) Marrying a weapon in a vehicle so long as the weapon is not also concealed on the person of an occupant of the vehicle.” Anchorage, Alaska Mun. Code § 8.25.020(B) (2006) (emphasis added). Dunlap was legally authorized to possess a firearm. See Alaska Stat. §§ 11.61.190, 11.61.195, 11.61.200, 11.61.210,11.61.220. Since Dunlap was authorized to possess a firearm, he also was permitted to have the weapons found in his car because none of them was concealed on his person. See De Nardo v. State, 819 P.2d 903, 906-07 (Alaska Ct.App.1991). After the district court decided this case, however, the Supreme Court decided Heien v. North Carolina, — U.S. -, 135 S.Ct. 530, 534, 190 L.Ed.2d 475 (2014) (holding an officer’s reasonable mistake about the law when conducting a stop does not render it unlawful under the Fourth-Amendment). We therefore reverse the district court’s grant of summary judgment on this ground. We remand for consideration of whether Dunlap’s arrest was lawful under Heien, and, if not, whether Officer Henry is entitled to qualified immunity.
AFFIRMED in part; REVERSED in part; REMANDED.
Each side shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.